

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-89,376-02

### EX PARTE JOSE ANGEL HERNANDEZ-MENDOZA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 164728B IN THE 452ND DISTRICT COURT
### FROM MASON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to twenty years' imprisonment. The Fourth Court of Appeals dismissed his appeal. *Hernandez-Mendoza v. State*, No. 04-18-00353-CR (Tex. App.—San Antonio Oct. 31, 2018) (not designated for publication).

Applicant contends, among other things, that the State failed to disclose a report prepared by the Texas Department of Public Safety's Crime Laboratory showing that a yellow ziplock baggie contained .40 grams of methamphetamine. Applicant also contends that guilty-plea counsel failed

to investigate this report.

Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. Maryland*, 373 U.S. 83 (1963); *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the prosecutor(s) and guilty-plea counsel to respond to Applicant's claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the State, including members of the "prosecution team," failed to disclose the report before Applicant pleaded guilty and was adjudicated guilty. The trial court shall also determine whether the report was material for purposes of *Brady*. Finally, the trial court shall determine whether guilty-plea counsel was deficient for not investigating the report and whether Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: APRIL 3, 2019
Do not publish